■ In the Matter of LEIGHTON H., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Gilman, J.), dated April 30, 1984, which, upon a fact-finding order dated March 12, 1984, made after a hearing, finding that appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the fourth degree, placed him with the Division for Youth, Title II, for a period not to exceed one year. This appeal brings up for review the fact-finding order dated March 12, 1984.

Order of disposition affirmed, without costs or disbursements.

A review of the record indicates that there was proof beyond a reasonable doubt that appellant possessed a dangerous knife with the intent to use it unlawfully against the complainant. Thus, the Family Court Judge correctly concluded on the record at the fact-finding hearing, that appellant had committed an act in violation of Penal Law § 265.01 (2), and properly documented this finding in his orders by stating that appellant "did as alleged in [the] petition, to [the] extent of finding" that, while under 16 years of age, he did an act which if done by an adult would have constituted the crime of criminal possession of a weapon in the fourth degree, as defined in Penal Law § 265.01. Accordingly, appellant's claim that he was found to have violated Penal Law § 265.01 (1), a crime with which he was not charged, is without merit.

We further conclude that the rebuttal testimony offered in response to appellant's surprise alibi witness was properly admitted at the fact-finding hearing. Moreover, the alibi testimony did not, even if believed, exclude the possibility of appellant's commission of the acts alleged. Appellant could have been at I. S. 192 at 8:30 A.M., as the alibi witness

claimed, and still have been involved in the incident with which he was charged a few minutes earlier near I. S. 238, since the complainant stated that appellant had boarded a bus after the incident was over.

Finally, the court did not abuse its discretion in placing appellant with the Division for Youth, Title II, in light of his dire need for supervision, and the present inability to secure adequate supervision from any other reliable source. Lazer, J. P., Gibbons, Weinstein and Lawrence, JJ., concur.